**UNITED STATES of America,**

v.

**William ALLEN, Appellant.**

No. 01–4460.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Dec. 3, 2002.

Decided Dec. 16, 2002.

Joseph T. Labrum, III, Office of United States Attorney, Philadelphia, PA, for Appellee.

Del Atwell, Montauk, NY, for Appellant.

Before ROTH, SMITH and CUDAHY,* Circuit Judges.

OPINION

SMITH, Circuit Judge.

I.

Appellant William Allen appeals his sentence of thirty-two years imprisonment and five years supervised release. Allen pled guilty to participating in three armed robberies of retail establishments.[1] He faced a minimum sentence of fifty-seven years, but the government filed a motion for downward departure at sentencing pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), which the District Court granted. The District Court then imposed sentences below the guideline range and below the mandatory minimum terms stated in Section 924(c). Allen now argues that the District Court erred under the United States Sentencing Guidelines (hereinafter "the Guidelines") when it denied his motion for downward departure due to an extraordinary medical condition pursuant

---

* Honorable Richard Cudahy, Circuit Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation.

1. Specifically, Allen pled guilty to conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951; interference with interstate commerce by robbery, in violation of the same statute; use of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A); and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and (2).

to U.S.S.G. § 5H1.4.[2] Because the record makes clear that the District Court was aware of its authority under the Guidelines to depart downward, but exercised its discretion not to do so, we will dismiss Allen's appeal for lack of jurisdiction.

## II.

We find that this Court lacks jurisdiction to entertain Allen's appeal because the District Court properly exercised its discretion to deny Allen's motion for downward departure. Our jurisdiction to consider the appellant's argument that he is entitled to a downward departure based on an extraordinary medical condition depends on the basis for the District Court's ruling. *United States v. Stevens,* 223 F.3d 239, 247 (3d Cir.2000); *United States v. Denardi,* 892 F.2d 269, 271–72 (3d Cir. 1989). Where the District Court's ruling is based on the Court's belief that a departure on the grounds proffered by the appellant is legally impermissible, we have jurisdiction "to determine whether the district court's understanding of the law was correct." *Stevens,* 223 F.3d at 247 (*citing United States v. Mummert,* 34 F.3d 201, 205 (3d Cir.1994)). We lack jurisdiction to review a refusal to depart downward when the District Court, knowing it may do so, nonetheless determines that departure is not warranted. *Stevens,* 223 F.3d at 247; *Denardi,* 892 F.2d at 272. "If the district court's stated reasons are ambiguous, so that the record does not reflect whether the court's denial is based on legal or discretionary grounds—then the proper remedy is to 'vacate the sentence and remand for the district court to clarify the basis for its ruling.'" *Stevens,* 223 F.3d at 247 (*quoting Mummert,* 34 F.3d at 205).

We find that the District Court's comments constituted a proper exercise of discretion and were not sufficiently ambiguous as to require vacatur and remand. The District Court clearly recognized it had the authority to grant downward departures, having granted the government's motion for downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). The District Court then specifically referred to the downward departure available for "Physical Condition, Including Drug or Alcohol Dependence or Abuse." U.S.S.G. § 5H1.4. In denying the motion for downward departure, the Court stated:

> Your counsel has filed a motion for a further downward departure as a result of your medical condition, and while I agree that you do have a medical condition, it's not of an extraordinary nature, as set forth in the guidelines, in my view, and I believe, also, that the Bureau of Prisons will be able to deal effectively with that condition.

This language demonstrates that the District Court recognized that it had the legal authority to grant a further downward departure for an extraordinary medical condition pursuant to the guidelines, but determined that the appellant's condition was not sufficiently extraordinary to warrant such a departure. This was a proper exercise of discretion and is therefore unreviewable.

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

2. This section provides that "[p]hysical condition or appearance, including physique, is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range. However, an extraordinary impairment may be a reason to impose a sentence below the applicable guideline range." U.S.S.G. § 5H1.4.